# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

DANIEL MICHAEL KELLEY,

    Petitioner,

v.                                         CASE NO: 5:10-CV-553-Oc-30TBS

WARDEN, FCC COLEMAN - MEDIUM,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon the Petition for Writ of Habeas Corpus of Daniel Michael Kelley (Dkt. #1), the Respondent's Response (Dkt. #10), and Petitioner's Reply (Dkt. #11). Petitioner seeks relief from his sentence as an armed career criminal under 28 U.S.C. § 2241.[1] After reviewing the pleadings of the parties and the relevant case law, the Court determines that the petition is due to be denied because it is procedurally barred and fails on the merits.

## BACKGROUND

Petitioner Daniel Michael Kelley was charged with: (1) possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); (2) using and carrying a firearm

---

[1] An attack on the validity of the sentence rather than the means of its execution should be brought under a 28 U.S.C. § 2255 petition, even if successive, not a § 2241 petition. But this issue is currently under consideration by the Eleventh Circuit Court of Appeal and it is not necessary to address it in this case.

during and relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and (3) possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). He was found guilty by a jury on all three counts. Based on Petitioner's criminal history -- which included numerous federal and state drug convictions -- the pre-sentence investigation report recommended that his offense level be enhanced to 34 pursuant to U.S. Sentencing Guidelines Manual § 4B1.4(a) because he was an armed career criminal as defined by the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The District Court ruled that the ACCA enhancement applied and sentenced Kelley to a total term of imprisonment of 387 months, representing a 327-month term for his conviction of felon in possession of a firearm and a 60-month consecutive term for his conviction of use and carrying of a firearm in relation to a drug trafficking offense; he was also sentenced to a 240-month concurrent term for the possession with intent to distribute cocaine conviction.

Kelley appealed. The Fifth Circuit affirmed Kelley's conviction and sentence. *United States v. Kelley*, 981 F.2d 1464 (5th Cir. 1993). Kelley then sought collateral relief under 28 U.S.C. § 2255 in June of 2000. The District Court denied the § 2255 petition on November 21, 2002, and the Fifth Circuit denied him a certificate of appealability on August 8, 2003. Kelley then sought to modify his sentence pursuant to 18 U.S.C. § 3582(c) on June 22, 2004. The motion was denied on August 19, 2004, and the Fifth Circuit affirmed on March 21, 2006. Kelley then sought permission from the Fifth Circuit to file a successive § 2255 motion. The Fifth Circuit denied the request on October 6, 2010. Kelley then filed the

instant petition on October 21, 2010, pursuant to 28 U.S.C. § 2241, seeking relief under the savings clause of § 2255.

## DISCUSSION

First, Kelley's petition fails because it is procedurally defaulted. His claim that the ACCA enhancement was improperly applied to him should have been made on direct appeal. If it is not raised on direct appeal, it is waived and defaulted. If raised on appeal but without success, the issue is *res judicata*. His claims of actual innocence are to no avail. He does not claim to be *factually* innocent of the underlying drug offenses used to enhance his sentence, only that the legal classification of the predicate crimes was improper. And since only factual innocence of the predicate crimes would relieve him of the procedural bar, Kelley's petition must be dismissed as procedurally defaulted. *McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011).

Second, Kelley's petition fails on the merits. He claims that the underlying predicate drug offenses used to qualify him for the ACCA enhancement no longer constitute "serious drug offenses." But he cites no Supreme Court case, or any other federal case for that matter, that makes such a holding. Nor has Kelley pointed to any precedent declared by the Supreme Court to be retroactive. Were the case not due to be dismissed because of procedural default, judgment would be due to be entered in Respondent's favor on the merits.

It is therefore ORDERED AND ADJUDGED that:

1. The Petition for Writ of Habeas Corpus (Dkt. #1) is DISMISSED with prejudice as procedurally defaulted.

2. All pending motions are denied as moot.

3. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on December 6, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>COPIES FURNISHED TO</u>:
Counsel/Parties of Record

*F:\Docs\2010\10-cv-553.Ocala Kelley.wpd*